UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH JONES, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV831 JCH |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendant(s). ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for a More Definite Statement ("Motion to Dismiss"), filed on July 9, 2012. (ECF No. 7). This motion is fully briefed and ready for disposition.

## **BACKGROUND**[1]

Plaintiff Keith Jones ("Plaintiff") was employed by Defendant City of St. Louis ("Defendant City") as an electrician. (Complaint, ECF No. 1, ¶ 4). Plaintiff is African-American and has diabetes. (Id., ¶¶ 3, 9). At all relevant times, Defendant Richard Ernst ("Defendant Ernst") was a Commissioner of the Facilities Management Commission and Defendant Roger Sellars ("Defendant Sellars") was Construction Maintenance Manager of the Facilities Management Division. (Id., ¶¶ 7, 8).

Plaintiff alleges that since January 21, 2009, he has been subjected to harassment because of his race and his diabetes. (Id., ¶ 9). On July 27, 2009, Plaintiff filed a charge of discrimination simultaneously with the Missouri Commission on Human Rights ("MCHR") and the Equal

---

[1] The facts in the Court's background section are taken directly from Plaintiff's Complaint. Defendants have not yet filed Answers to Plaintiff's Complaint.

Employment Opportunity Commission ("EEOC"), alleging continuing employment discrimination based on his race and disability. (Id., ¶ 2). Plaintiff filed an amended charge of discrimination on March 5, 2010. (Id.). It appears Plaintiff currently is employed by Defendant City.

Plaintiff filed this action in this Court on May 9, 2012, on the basis of subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). Plaintiff's Complaint contains two counts: violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), and violation of 42 U.S.C. § 1981. As noted above, Defendants filed their Motion to Dismiss on July 9, 2012, alleging that Defendants Ernst and Sellars cannot be individually liable under Title VII and the ADA, that Plaintiff cannot recover punitive damages under Title VII and the ADA, and that Defendant City cannot be liable under § 1981.

## **STANDARD**

A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those

facts in the plaintiff's favor. Monson v. Drug Enforcement Admin., 589 F.3d 952, 961 (8th Cir. 2009).

**DISCUSSION**

**I.    Individual Liability**

Defendants Ernst and Sellars argue Plaintiff's claims against them under Title VII and the ADA must be dismissed because individual liability is precluded under those statutes. Plaintiff counters that Defendants Ernst and Sellars should remain in this action since they have only been sued in their official capacities.

In Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999), the Eighth Circuit found that Title II of the ADA does not permit individual liability and observed that, with respect to Title I, "three [Circuits] have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition." Additionally, this Court has repeatedly held that individuals are not liable under the ADA. See, e.g., Briedenbach v. Shillington Box Co., No. 4:11CV1555, 2012 WL 85276, at *3 (E.D. Mo. Jan. 11, 2012); Ebersole v. Novo Nordisk, Inc., No. 1:11CV25, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); see also McCann v. New World Pasta Co., No. 4:10CV1694, 2010 WL 4180717, at *2 (E.D. Mo. Oct. 20, 2010); Donnelly v. St. John's Mercy Med. Ctr., No. 4:08CV347, 2008 WL 2699859, at *2 (E.D. Mo. June 30, 2008); Stevenson v. Best Buy Corp., No. 4:03CV1188, 2005 WL 3434770, at * 3 (E.D. Mo. Dec.14, 2005).

> Those decisions have been based on the fact that the ADA's definition of "employer" is practically identical to the definition of "employer" in two other federal statutes that address discrimination: the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), and Title VII, 42 U.S.C. § 2000e(b). It is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII of the Civil Rights Act of 1964, and longstanding precedent in this Court also holds that individuals are not liable under the ADEA.

Ebersole, 2011 WL 6115655 at *1.

Here, the Court finds that Plaintiff cannot maintain causes of action against Defendants Ernst and Sellars for violation of Title VII or the ADA. The Eighth Circuit has recognized that there is no individual liability under the ADA, and the majority of the Circuit Courts have held the same. Additionally, this district has recognized that claims against a supervisor in his or her official capacity are duplicative of claims against an employer, as a suit against a supervisor in his or her official capacity as an agent of the employer is treated as a suit against the employer itself. See Henderson v. St. Louis County, No. 4:05CV2081, 2006 WL 3538799, at *1 (E.D. Mo. Dec. 7, 2006) (citing Coller v. State of Missouri, Dep't of Econ. Dev., 965 F. Supp 1270, 1275 (W.D. Mo. 1997)). Therefore, Plaintiff's Title VII and ADA claims against Defendants Ernst and Sellars must be dismissed.

## II.     Punitive Damages

Defendant City argues Plaintiff's claims for punitive damages under Title VII and the ADA must be dismissed because governmental entities are exempt from punitive damages under those statutes. Plaintiff concedes a municipality is immune from punitive damages under Title VII. See Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 574 (E.D. Mo. 1977). Additionally, punitive damages may not be recovered under the ADA for claims against a "government, governmental agency or political subdivision." 42 U.S.C. § 1981a(b)(1); see also Spinks, 176 F.R.D. at 574; Johnson v. Metro. Sewer Dist., 926 F.Supp. 874, 876 (E.D. Mo. 1996); Lee v. Junior Coll. Dist., No. 4:94CV415, 1995 WL 363428, at *1 (E.D. Mo. Nov. 17, 1994). Therefore, Plaintiff's claims for punitive damages under Title VII and the ADA must be dismissed.

**III.     Claims Under 42 U.S.C. § 1981**

Defendant City argues Plaintiff's claims under 42 U.S.C. § 1981 must be dismissed because that statute does not provide a separate cause of action against a local government entity. In the alternative, Defendant City states Plaintiff should be ordered to provide a more definite statement as to his claims under 42 U.S.C. § 1981. Plaintiff concedes that, in cases involving government entities, the exclusive federal remedy for violation of the rights guaranteed by § 1981 is an action brought pursuant to 42 U.S.C. § 1983. Thus, Plaintiff requests leave to amend his Complaint with respect to his § 1981 claim and bring this claim pursuant to § 1983. The Court will therefore dismiss Plaintiff's § 1981 claim and permit Plaintiff to amend his Complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for a More Definite Statement (ECF No. 7) is **GRANTED** in accordance with the foregoing. Plaintiff is granted until **Friday, November 9, 2012**, to file an amended complaint in accordance with the foregoing.

Dated this 30th day of October, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE