UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-cv-00831 (JCH) |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, *et al.*, | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Comes now Plaintiff, Keith Jones, and in response to Defendant City of St. Louis' (hereinafter referred to as the City) Motion to Dismiss First Amended Complaint, states as follows.

The City moves for dismissal of Plaintiff's First Amended Complaint for failure to state a claim of discrimination based on race under Title VII, a claim for discrimination based on disability under the Americans with Disability Act (ADA) and three claims under 42 U.S.C. § 1983, including a Fourteenth Amendment and a Thirteenth Amendment claim . Alternatively, Defendant moves for a more definite statement. Defendant's motion is completely without merit, as shown below, and should be denied.

**I.    Plaintiff adequately states a cause of action under the ADA**

The City argues that Plaintiff has failed to state a claim that it regarded him as disabled in violation of the ADA because Plaintiff does not allege that the City regarded him as substantially limited in a broad range or class of jobs, citing *Shipley v. City of*

*University City*, 195 F.3d 1020, (8th Cir. 1999) and *Smith v. City of Des Moines*, 99 F.3d 1466 (8th Cir. 1996). See Defendant's Memorandum in Support of Motion to Dismiss First Amended Complaint at p. 3 and 4). Plaintiff alleges that the City, on two occasions (July 27, 2010 and in July 2011 (see First Amended Complaint, ¶s 15 and 19) required that he submit to a fit-for-duty examination and refused to accept a release from his medical doctor (First Amended Complaint, ¶s 15, 16), as the City notes. Plaintiff also alleges that the City's Commissioner Richard Ernst not only rejected a full release from Plaintiff's medical doctor and required him to submit to fit-for-duty examinations, *but also* committed two other alleged discriminatory acts: (1) placed Plaintiff under restrictions not to drive or work alone, as well as not to perform the usual duties of electrician and, (2) reassigned Plaintiff to work in the warehouse. See the First Amended Complaint, ¶ 15. Thus, the City not only perceived that Plaintiff was unable to perform the duties of the position of electrician, but also perceived that he was unable to perform manual tasks, including driving and working alone.

Performing manual tasks has been interpreted to be a major life activity under the ADA. See *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U. S. 184, 198, 122 S.Ct. 681 (2002); *Bragdon v. Abbott*, 524 U.S. 624, 118 S.Ct. 2196 (1998), cited in *Shipley v. City of University City*, 195 F.3d at 1022 (8th Cir. 1999). Thus, the City's perception of Plaintiff's impairment goes beyond performance of the single job of electrician. The City regarded Plaintiff as substantially limited not only with respect to one particular job, but also the major life activity of performing manual tasks. Plaintiff has, accordingly, alleged facts in his First Amended Complaint sufficient to state a claim for relief under the third prong of

2

the ADA's definition of disability -- that of perceived mental or physical impairment that substantially limits one or more major life activities.

### II. Plaintiff' s first cause of action under 42 U.S.C. § 1983 for municipal liability under the "policymaker" approach is adequately pled

The City argues for dismissal of Plaintiff's first cause of action under § 1983 on the ground that Plaintiff fails to allege any violation of the constitution based upon an official pattern, custom, practice or policy by a final policymaking authority (Defendant' s Memorandum in Support of Motion to Dismiss First Amended Complaint, p. 4). A municipality can be held liable under 42 U.S.C. § 1983 if the deprivation at issue was the result of a city custom or policy, and not simply on the basis of respondeat superior. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 125, 108 S.Ct. 915, 925 (1988). As to the individual "policymaker" approach to municipal liability, a city is responsible for any decision made or action taken by a particular municipal official who possesses "final authority to establish policy *with respect to the action ordered.*" *Pembaur v. Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. at 1299 (emphasis supplied); *City of St. Louis v. Praprotnik,* 485 U.S. at 123, 108 S.Ct. at 924; *see also Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1480 (11th Cir. 1991).

Government policy can be inferred from a *single decision* by an official responsible for setting policy in a particular area of the government's business. *Praprotnik,* 485 U.S. at 123, 108 S.Ct. at 924. In other words, municipal policy also may be implicated by the acts of an individual official who has final policymaking authority as to the challenged action, which will subject the municipality to § 1983 liability when the challenged action falls within that authority. *Praprotnik,* 485 U.S. at 123, 108 S.Ct. at 924; *Brown v. City of Fort Lauderdale*, 923 F.2d at 1480.

3

The Supreme Court noted in *Praprotnik* that there is a variety of ways that a municipality may delegate its policymaking responsibility among a host of different officials and official bodies; there are cases, such as the City of St. Louis, in which policymaking responsibility is shared among more than one official or body. *Praportnik*, 485 U.S. at 125-26, 108 C.Ct. at 925.

The focus of the inquiry, then, is whether a particular city official had final policy making authority as to the particular decision or act under challenge. Plaintiff alleges that Commissioner Ernst had final authority with respect not only to requiring him to undergo a fit-for-duty examination, which decision was overturned by the Civil Service Commission, but also at least three acts which are alleged to be unlawful -- rejecting the statement from Plaintiff's physician releasing him to return to work without restriction; placing Plaintiff under work restrictions; and, third, reassigning Plaintiff to work in the warehouse. First Amended Complaint, ¶ 16. Thus, Plaintiff does allege final policymaking authority with respect to these acts, contrary to the City's assertion.

> **III. Plaintiff adequately pleads a second cause of action under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment and, a third cause of action for violation of the Thirteenth Amendment**

The City does not seek dismissal of Plaintiff's Fourteenth Amendment claim set forth in paragraphs 27 through 31 of the First Amended Complaint. Plaintiff alleges that the City's acts of harassment based on his race (including the attempt to discharge and then subsequently reprimand him for allegedly falsifying his daily time record; rejecting a statement from a licensed psychologists releasing him to return to work following a

4

four-month medical leave for mental and emotional distress; negative performance rating; and reassignment to the warehouse) (see First Amended Complaint, ¶s 9A, 9E, 9H, 10 and 15) deprived him of his federal constitutional right of equal protection of the laws, in violation of the Fourteenth Amendment.

It is well settled that employment discrimination claims against municipal employers based on an alleged violation of the equal protection clause of the Fourteenth Amendment can be enforced through 42 U.S.C. § 1983. See, *e.g. Thigpen v. Bibb County, GA. Sheriff's Department*, 223 F.3d 1231 (11th Cir. 2000); *Annis v. County of Westchester*, 36 F.3d 251 (2nd Cir. 1994), citing *Davis v. Passman*, 442 U.S. 228, 234-35, 99 S.Ct. 2264, 2271 (1979); *Henley v. Brown*, 686 F.3d 634 (8th Cir. 2012); *Booth v. Maryland*, 327 F.3d 377 (4th Cir. 2003); *Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261 (11th Cir. 2003).

Plaintiff, thus, properly pleads a cause of action under 42 U.S.C. § 1983 for violation of his constitutional right to equal protection of the laws.

Plaintiff's allegation that the alleged discriminatory acts which violate the Fourteenth Amendment also constitute incidents of slavery is sufficient to support a Thirteenth Amendment claim since the racial discrimination against African-Americans is, or can be, fairly considered a vestige of slavery. The authority cited by the City does not hold that a necessary element of a Thirteenth Amendment claim is actual slavery or involuntary servitude, both of which are expressly prohibited by the Thirteenth Amendment.

### IV. Plaintiff adequately pleads a claim under Title VII

Defendant argues that Plaintiff's Title VII claim alleging discrimination based on

race, which is not set forth in a separate count, is indistinguishable from his ADA claim, and should, therefore be dismissed for failure to comply with the requirements Rules 8(a)(2) and 8(d)(1) that the complaint set forth a short and plain statement of the claim. In the alternative, the City requests that the court enter an order that Plaintiff provide a more definite statement of his Title VII and ADA claims. The City does not assert that Plaintiff's Title VII and ADA claims, as pled, are not sufficient to give it fair notice of what the Plaintiff's claims are and the grounds upon which these two claims rest. Indeed, Defendant has filed an Answer to the Complaint, which contains allegations as to the Title VII and ADA claims that are substantially similar to the allegations set forth in Plaintiff's First Amended Complaint. Plaintiff's Title VII and ADA claims in the First Amended Complaint are, in substance and content, the same as in the Complaint.

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief. *Springdale Education Assn. v. Springdale School District*, 133 F.3d 649, 651 (8th Cir. 1998), citing *Kohl v. Casson*, 5 F. 3d 1141, 1148 (8th Cir. 1993). In considering a motion to dismiss pursuant to Rule (12)(b)(6), the court accepts the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. *Id*. *Jenkins v. McKeithan*, 395 U.S. 411, 421; 89 S.Ct. 1843 (1969).

Although Plaintiff's Title VII claim is not stated in a separate count, the First Amended Complaint states this claim with clarity sufficient to give Defendant fair notice the nature and grounds of both the Title VII and the ADA claims, and thus is sufficient under Rules 8(a)(2) and 8(d)(1). See *Kohl v. Casson*, 5 F. 3d at 1145. The City, as noted

6

above, has filed an Answer to the Complaint responding to both claims. Therefore, it would appear that the City's motion with regard to Plaintiff's Title VII and ADA claims is, at this point, moot.

Plaintiff's Title VII claim, more simply stated, is that Defendant, by certain alleged discriminatory acts (i.e. rejecting statements from his medical doctors and other health care providers; requiring that the undergo a fit-for-duty examination; placing him under restrictions and reassigning him to the warehouse) treated him in a manner disparate from that of similarly situated whites who had impairments, including whites who were more severely impaired than Plaintiff. Plaintiff also alleges disparate treatment based on race by other alleged discriminatory acts (i.e. the attempt to discharge him and reprimand him for allegedly falsifying his daily time record; negative performance rating) involving similarly situated whites who were not impaired. These discriminatory acts are not related to being perceived by Defendant to be disabled.

Plaintiff, accordingly, thinks that it is unnecessary to amend the complaint a second time as to the Title VII and ADA claims. Plaintiff recognizes, however, that the court may find it to be, in some measure, beneficial to amend the complaint a second time with respect to Plaintiff's Title VII and ADA claims only, and plead each claim in separate counts, though again, this is not reasonably necessary in Plaintiff's view.

## CONCLUSION

For the reasons set forth hereinabove, the City's Motion to Dismiss the First Amended Complaint, or alternatively, Motion for A More Definite Statement, should be denied.

Respectfully submitted,


*/s/ Melvin L. Raymond*
Melvin L. Raymond USDC #28349MO
4387 Laclede Ave., Suite A
St. Louis, Missouri 63108
Telephone: (314) 534-2800
Facsimile: (314) 534-0803
E-mail: mraymondattorney@sbcglobal.net

Attorney for Keith Jones, Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Response was filed electronically with the Clerk of the Court on this 16th day of January 2013, to be served by operation of the Court's electronic filing system on Christine L. Hodzic, attorney for Defendants, at her address of record.


*/s/ Melvin L. Raymond*