UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12-CV-00831 |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| a Municipal Corporation and a political | ) |
| subdivision of the State of Missouri | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 21). The motion is fully briefed and ready for disposition.

### I. BACKGROUND

Plaintiff Keith Jones ("Plaintiff") was employed by Defendant City of St. Louis (the "City"), in its Facilities Management Division, as an electrician. (First Amendment Complaint (Doc. No. 18), hereinafter "Complaint" or "Compl.", ¶ 4.) Plaintiff appears to be employed by the City at present.

Plaintiff alleges that, since at least January 21, 2009, the City "has subjected Plaintiff to harassment because of his race, black, and regarding Plaintiff as having a disability (diabetes) ...." (*Id.* ¶ 9.) On July 27, 2009, Plaintiff filed charges of discrimination with the Missouri Commission on Human Rights and with the Equal Employment Opportunity Commission, alleging continuing employment discrimination based on his race and disability. (*Id.* ¶ 2.) Plaintiff filed an amended charge of discrimination on March 5, 2010. (*Id.*)

Plaintiff initiated this action on May 9, 2012, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), as well as 42 U.S.C. § 1981. By Order dated October 30, 2012, the Court dismissed Plaintiff's initial complaint insofar as Plaintiff sought (1) to hold certain of Plaintiff's supervisors liable under Title VII and the ADA in their individual capacities; (2) an award of punitive damages; and (3) to hold the City liable under 42 U.S.C. § 1981. (Doc. No. 16.)

Plaintiff was granted leave to amend. (Doc. No. 16.) Plaintiff now asserts violations of Title VII, the ADA, and 42 U.S.C. § 1983, by the City, predicated on allegations very similar to those in Plaintiff's initial complaint. The City has moved to dismiss the operative Complaint and, alternatively, for a more definite statement. (Doc. No. 21.)

## II. DISCUSSION

### A. Plaintiff's Title VII and ADA Claims Fail to Comply with Fed.R.Civ.P. 8

The City seeks, pursuant to Fed.R.Civ.P. 41(b), to dismiss Plaintiff's Title VII and ADA claims for failure to comply with Fed.R.Civ.P. 8, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)) and that allegations in a complaint "be simple, concise, and direct" (Fed.R.Civ.P. 8(d)(1)).

The Court agrees with the City that Plaintiff has failed to comply with Fed.R.Civ.P. 8 as to his Title VII and ADA claims. In the Court's view, Plaintiff's allegations in this regard are jumbled, confusing, and (in multiple instances) inconsistent.

The deficiencies in Plaintiff's Complaint make it difficult for the Court to determine whether the factual allegations therein "plausibly suggest an entitlement to relief" that rises above a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 12 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 449 F.3d 663, 667 (7th Cir.

2007) ("at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8").

"A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) after allowing time to file an amended complaint." *Mangan v. Weinberg*, 848 F.2d 909, 911 (8th Cir. 1988). Such dismissals are drastic sanctions, however, and should be exercised sparingly. *Id*.

The Court will permit Plaintiff to amend his Complaint a second time. The Court is aware that "[c]ivil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). "At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Id*. "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citations and quotations omitted). "A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Id*. (citations and quotations omitted).

To state a claim upon which relief can be granted under Title VII, Plaintiff is required to present a prima facie case of race discrimination: (1) that he is a member of a protected class; (2) that he was qualified for his position; and (3) that he suffered an adverse employment action under circumstances permitting an inference that the action was the result of unlawful discrimination. *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir. 2005) (citing *Habib v. NationsBank*, 279 F.3d 563, 566 (8th Cir. 2001)). These elements are not readily discernible from the allegations in Plaintiff's Complaint.

To state a claim upon which relief can be granted under the ADA, Plaintiff is required to present a prima facie case of discrimination due to disability: (1) that he is disabled within the meaning of the ADA; (2) that he is qualified to perform the essential functions of his job with or without a reasonable accommodation; and (3) that he suffered an adverse employment action because of his disability. *See Thompson v. Bi-State Dev. Agency*, 463 F.3d 821, 824-25 (8th Cir. 2006); *Samuels v. Kansas City Mo. Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006). These elements, too, are not readily discernible from the allegations in Plaintiff's Complaint.

The ADA defines a "disability" as: (1) a physical or mental impairment that substantially limits on or more of the major life activities of an individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1).

The Court notes that "[t]o be substantially limited in the life activity of performing manual tasks a plaintiff 'must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1024 (8th Cir. 2003) (quoting *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002)). "In other words, the relevant inquiry when addressing the major life activity of performing manual tasks is 'whether the claimant is unable to perform the variety of tasks central to most people's daily lives, not whether the claimant is unable to perform the tasks associated with [his] specific job.'" *Id.* at 1025 (quoting *Williams*, 534 U.S. at 200-01, 122 S.Ct. 681).

The Court observes, further, that one is "regarded as" having an impairment "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). It is not enough, however, for

a plaintiff to demonstrate that he is regarded as unable to perform a particular job or type of job. *See Shipley v. City of University City*, 195 F.3d 1020, 1023 (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491-92, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)). "To be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from a substantial class of jobs." *Id*.

The Court is not satisfied that Plaintiff's ADA claim, as set forth in the Complaint, provides sufficient factual allegations to comport with these standards.

Accordingly, for the reasons just discussed, Plaintiff's Title VII and ADA claims will be dismissed without prejudice.

**B. Plaintiff Fails to State a Claim Under Section 1983**

Plaintiff asserts that the City is liable under 42 U.S.C. § 1983—substantially based upon his Title VII and ADA allegations—for violations of Plaintiff's constitutional rights under the Thirteenth and Fourteenth Amendments. Specifically, Plaintiff claims that the City "deprived Plaintiff of equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States and caused Plaintiff to suffer the incidents of slavery in violation of the Thirteenth Amendment of the Constitution of the United States." Compl. ¶ 31.

In the seminal case *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted *solely by its employees or agents*. Instead, it is when execution of a government's *policy or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent *official policy*, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694, 98 S.Ct. 2018 (emphasis added). A "municipal policy" is "an official policy, a deliberate choice of a guiding principle or procedure made by the

municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 197, 1204 (8th Cir. 1999). Alternatively, a "municipal custom" may be demonstrated by: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that the plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation. *See id*.

The allegations found in Plaintiff's Complaint speak to isolated actions by individual actors. None of the allegations points to a City policy or custom that injured Plaintiff. As a result, Plaintiff's Section 1983 claim against the City will be dismissed without prejudice.

### III.  CONCLUSION

**IT IS HEREBY ORDERED**, pursuant to the above, that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until no later than **Wednesday, March 13, 2013** to file an amended complaint, in accordance with the foregoing.

**IT IS SO ORDERED.**

Dated this  5th  day of March, 2013.

                                         /s/Jean C. Hamilton
                                         UNITED STATES DISTRICT JUDGE