IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH JONES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.  4:12-CV-00831 JCH |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| a Municipal Corporation and a political ) | |
| subdivision of the State of Missouri, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant, by and through counsel of record, and respectfully submits the following memorandum of points and authorities in support of its Motion to Dismiss for failure to state a claim under Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure.

I.  BACKGROUND

Plaintiff's Complaint was filed on May 9, 2012.  (Doc. No. 1).  Pursuant to this Court's order of October 30, 2012, Plaintiff was granted until Friday, November 9, 2012 to file an amended complaint.  (Doc. No. 16).  Plaintiff filed his First Amended Complaint on November 13, 2012.  (Doc. No. 18).  On March 5, 2013, said complaint was dismissed and Plaintiff was permitted to file an amended complaint in accordance with this Court's Memorandum and Order by March 13, 2013.  (Doc. No. 36).

Plaintiff brings his Second Amended Complaint against the City of St. Louis under the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.,* as amended ("Title VII") and 42 U.S.C. § 1983 ("Section 1983") (Doc. No. 43).

The City again moves to dismiss all claims.  Count I fails to state a claim upon which relief can be granted because it fails to sufficiently allege two of the requisite four elements necessary to state a claim for harassment.  Count II and Count III should be dismissed because neither "Unsuccessful Performance Rating" nor "Fit for Duty Examinations and Reassignment of Duties" are a recognized cause of action.  Even if Plaintiff's passing references to retaliation in Counts II and III is construed as an effort to set forth retaliation claims, Plaintiff does not state a claim for retaliation.  Count IV should be dismissed with prejudice because, despite being granted leave to amend, Plaintiff still does not allege that any alleged constitutional violation is based upon an official pattern, custom, practice or policy by a final policymaking authority as required by Section 1983.  (See Doc. No. 43).

## II.   LEGAL ARGUMENT

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Ashcroft v. Iqbal,* 556 U.S. 662, 677-678, 129 S.Ct. 1937, 1949 (2009).  Rule 41(b) provides that a defendant may move for dismissal of an action if the plaintiff fails to comply with the Federal Rules of Civil Procedure.

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft,* 192 S.Ct. at 1949.

A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell A. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007) (internal citations omitted).

> **A.     Count I should be dismissed for failure to state a claim for racial harassment.**

Count I of Plaintiff's First Amended Complaint is denominated as a harassment claim. A harassment claim based on a racially hostile work environment[1] consists of the following elements: 1) membership of a protected group, 2) unwelcome harassment, 3) a causal nexus between the harassment and membership in the protected group, and 4) the harassment affected a term, condition, or privilege of employment. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1018 (8th Cir. 2011).

With regard to the third element, conduct supporting a racially hostile work environment claim must have a racial character or purpose. *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 893 (8th Cir. 2005).

With regard to the fourth element, hostile work environment harassment occurs when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment

---

[1] Harassment claims available under Title VII include quid pro quo sexual harassment and hostile work environment harassment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 62 (1986). Because Plaintiff's allegations do not allege any type of quid pro quo behavior, Plaintiff's claim for harassment should be interpreted as a claim for a racially hostile work environment harassment.

3

and create an abusive environment." *Tademe v. Saint Cloud State Univ.*, 328 F.3d 982, 991 (8th Cir. 2003).

Isolated incidents, unless extremely serious, do not amount to discriminatory changes in the terms and conditions of employment. *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005).

"Harassment which is severe and pervasive is deemed to affect a term, condition, or privilege of employment." *Singletary,* 423 F.3d at 892.  For harassment to affect a condition of employment the conduct must be severe "as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim." *Id.*

In *Singletary,* the alleged incidents were clearly based on the plaintiff's protected status occurred over a period of time. *Id.* at 893.  The Eighth Circuit affirmed summary judgment in favor of the employer, noting that a plaintiff must show "more than an [sic] a few occurrences over a course of years…conduct must be shown to occur with such frequency that the very conditions of employment are altered and be viewed by a reasonable person as hostile." *Id*.

Here, Plaintiff has failed to sufficiently plead the third element of a harassment case: a causal nexus between the harassment and membership in the protected group. *Pye,* 641 F.3d 1018.  Plaintiff simply concludes that Defendant subjected him to "harassment because of his race, black…" (Second Amended Compliant, ¶9).  None of Defendant's allegations have overtly racial overtones and cannot be said to have a racial character or purpose. (Second Amended Complaint, ¶ 9).  Because Plaintiff has not established a causal nexus between the harassment and membership in a protected class,

4

Count I does not establish the third required element of a harassment claim and should be dismissed.

Plaintiff also fails to meet the fourth element of a harassment claim: that the harassment affected a term, condition, or privilege of employment. *Pye,* 641 F.3d 1018. Plaintiff asserts harassment on the grounds that Defendant treated Plaintiff in "a disparate manner unequal and unlike white individuals similarly situated"[2] when a) it considered discipline but later determined that the charges were unfounded, b) considered issuing Plaintiff a written reprimand, and c) refused to accept a medical release. (Plaintiff's Second Amended Complaint, ¶ 9.A-F). Treatment in a "disparate manner" does not necessarily mean that a work environment is hostile. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 767-68 (1998).

He fails to allege what, if any, term, condition, or privilege of employment was affected by the alleged harassment. In fact, Plaintiff's own allegations establish that Defendant determined that the charges were unfounded. He does not allege that he was, in fact, disciplined in any way. Plaintiff does not allege any facts to suggest that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive environment." *Tademe,* 328 F.3d at 991.

For these reasons, Count I of Plaintiff's Second Amended Complaint should be dismissed because it fails to state a claim for racial harassment.

---

[2] Disparate treatment is not listed as an element of a hostile work environment harassment claim. *Tademe v. Saint Cloud State Univ*., 328 F.3d 982, 991 (8th Cir. 2003).

>    **B.     Count II and Count III of Plaintiff's Second Amended Complaint should be dismissed for failure to comply with Fed.R.Civ.P. 8(a)(2) and for failure state a legal claim upon which relief can be granted.**

Count II of Plaintiff's First Amended Complaint is titled "Unsuccessful Performance Rating" and Count III is titled "Fit for Duty Examinations and Reassignment of Duties." (First Amended Complaint, p. 5-6). Neither count is denominated as a recognized cause of action under either Title VII or Section 1983. Rather, these counts appear to simply include a recitation of various factual allegations with a fleeting reference to "retaliation for complaints about discriminatory treatment" in each count (Second Amended Complaint, ¶ 11, 18).

To state a claim for retaliation, Plaintiff must allege facts showing he engaged in protected conduct, suffered an adverse employment action, and that a causal connection exists between the two. *McLaughlin v. Children's Safety Centers*, 2013 WL 489036 (D. Minn. 2013) citing *Wells v. SCI Mgmt., L.P.,* 469 F.3d 697, 702 (8th Cir. 2006).

Plaintiff's vague allegation that his treatment was due to "his race and in retaliation for complaints about discriminatory treatment" does not show that Plaintiff is entitled to relief. It is merely a conclusion and does not "raise a right to relief above the speculative level" as is required to survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *Twombly*, 550 at 554-56.

Even if Plaintiff's allegations were sufficient to satisfy the first two elements of a retaliation claim, he has failed to allege a causal connection between the alleged adverse employment action and protected conduct.

Because the allegations contained in Count II and Count III of Plaintiff's Second Amended Complaint do not show that Plaintiff is entitled to relief and also fail to state a claim upon which relief can be granted, Count II and III should be dismissed.

### C. Plaintiff's Section 1983 claims should be dismissed because Plaintiff has failed to allege that any alleged violation of the constitution is based upon an official pattern, custom, practice or policy by a final policymaking authority.

This Court's memorandum and order dated March 5, 2013 sets forth the applicable law concerning Section 1983. (Doc. No. 36). Further, Defendant incorporates by reference its Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with respect to Section 1983 as if fully set forth herein. (Doc. No. 22).

In the instant case, Plaintiff's Section 1983 claim in his First Amended Complaint was dismissed because "[t]he allegations found in Plaintiff's Complaint speak to isolated actions by individual actors. None of the allegations point to a City policy or custom that injured Plaintiff." (Doc. No. 36, p. 6). Plaintiff was granted leave to "file an amended complaint, in accordance with the foregoing." (Doc. No. 36, p. 6).

Plaintiff's Second Amended Complaint still does not allege that any City policy or custom injured Plaintiff. With the exception of the addition of fitness for duty allegations in his Second Amended Complaint, the Section 1983 claims alleged in Plaintiff's First and Second Amended Complaints are nearly identical.

Likewise, Plaintiff still does not make any allegations against any policymaking official whatsoever. In fact, Plaintiff alleges that the Civil Service Commission, which is an official policymaker of Defendant according to *City of St. Louis v. Praprotnik*, 485

7

U.S. 112, 123 (1988), overturned the decision require Plaintiff to submit to a fit for duty examination.  (Second Amended Complaint, ¶ 19).

In light of Plaintiff's inability to allege facts sufficient to state a claim against Defendant after being granted leave to amend, granting Plaintiff yet another opportunity to amend his Section 1983 claim would be futile.  Thus, Plaintiff's Section 1983 claim should be dismissed with prejudice.  *See Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 653 (8th Cir. 1998).

### III.     CONCLUSION

Plaintiff's Second Amended Complaint should be dismissed in its entirety.  Count I fails to state a claim upon which relief can be granted because it fails to sufficiently allege two of the requisite four elements necessary to state a claim for harassment.  Count II and Count III should be dismissed because neither "Unsuccessful Performance Rating" nor "Fit for Duty Examinations and Reassignment of Duties" is a recognized cause of action.  Further, Counts II and III do not state a claim for which relief can be granted. Finally, Count IV should be dismissed with prejudice because, despite being granted leave to amend, Plaintiff still does not allege that any alleged violation of the constitution is based upon an official pattern, custom, practice or policy by a final policymaking authority as required by Section 1983.

        Respectfully Submitted,
        PATRICIA A. HAGEMAN, CITY COUNSELOR

        /s/ Christine Hodzic
        Christine L. Hodzic, #58257MO
        Associate City Counselor
        1200 Market Street, Room 314
        St. Louis, Missouri  63103
        (314) 622-3361; (314) 622-4956 fax
        HodzicC@stlouiscity.com

        Attorney for Defendant City of St. Louis

## Certificate of Service

The undersigned certifies that a true and accurate copy of the foregoing document was served by operation of the Court's electronic filing system, this 22nd day of March, 2013, to:

Melvin L. Raymond
Attorney for Plaintiff
4387 Laclede Ave., Ste. A
St. Louis, MO 63108
314/534-2800 – Phone
314/534-0803 - Fax

        /s/ Christine Hodzic